# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| **RICHARD VAUGHN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. _____** |
| | ) | **Jury Demand** |
| **LINCOLN NATIONAL LIFE INSURANCE** | ) | |
| **COMPANY, LINCOLN NATIONAL** | ) | **Electronically Filed** |
| **CORPORATION, and GUARANTEE LIFE** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

## JOINT NOTICE OF REMOVAL

Defendants, The Lincoln National Life Insurance Company ("Lincoln National") and Lincoln National Corporation ("LNC"), pursuant to the provisions of 28 U.S.C. § 1441 and 28 U.S.C. § 1446, respectfully submit this Joint Notice of Removal for the purpose of removing the above-captioned action from the Rutherford County Circuit Court, State of Tennessee, to the United States District Court for the Middle District of Tennessee. As grounds for this Joint Notice of Removal, Defendants state as follows:

1.      On or about January 9, 2015, Plaintiff Richard Vaughn filed a Complaint and Jury Demand in the above-captioned action in the Circuit Court for Rutherford County, Tennessee, Case No. 69096.

2.      Plaintiff served LNC with a copy of the Complaint and Summons through service on Dennis R. Glass, President, Lincoln National Corporation, on January 20, 2015, a date less than 30 days before the filing of this Joint Notice of Removal.

3.     Plaintiff served Lincoln National with a copy of the Complaint and Summons through service on its statutory agent for service of process, Commissioner of the Tennessee Department of Commerce and Insurance, on February 9, 2015, a date less than 30 days before the filing of this Joint Notice of Removal.

4.     This action is of a civil nature wherein the Plaintiff seeks the recovery of certain long-term disability benefits that he alleges are due under the terms of an employee welfare benefit plan (the "Plan") sponsored by the decedent's former employer, the City of Murfreesboro, Tennessee (the "City").  Declaration of Cindy Daly, ¶ 5.  On information and belief, certain long-term disability benefits under the Plan were funded by a long-term disability (the "LTD Policy") issued to the City by Lincoln National's predecessor.  *See* Complaint, ¶¶ 3, 9; Declaration of Cindy Daly, ¶ 7 and Exhibit 1, filed contemporaneously herewith.  Richard Vaughn was employed by the City and was a participant in the Plan.  Declaration of Cindy Daly, ¶ 6.

5.     Removal is proper because this Court has original jurisdiction over this action under 28 U.S.C. § 1332(a)(1).  First, the parties are citizens of different states.  Specifically, Lincoln National is organized and existing pursuant to the laws of the State of Indiana with principal places of business located in Fort Wayne, Indiana and Radnor, Pennsylvania.  28 U.S.C. § 1132(c)(1).  Declaration of Cindy Daly, ¶ 3.  LNC is organized and existing pursuant to the laws of the State of Indiana with its principal place of business located in Radnor, Pennsylvania. 28 U.S.C. § 1132(c)(1).  Declaration of Cindy Daly, ¶ 4.  Plaintiff is a citizen and resident of Rutherford County, Tennessee.  Compl. ¶ 1.  Therefore, Plaintiff is completely diverse from Lincoln National and LNC.[1]

---

[1]     Defendant Guarantee Life Insurance Company ("Guarantee"), is an entity that no longer exists.  Guarantee was merged into Jefferson Pilot Financial Insurance Company ("Jefferson Pilot") in 2000.  Jefferson Pilot subsequently merged into Lincoln National effective July 2, 2007.  Declaration of Cindy Daly, ¶ 9.  Because

*(footnote continued on following page …)*

6.      The amount in controversy exceeds the jurisdictional minimum of $75,000.00. Specifically, Plaintiff seeks the recovery of compensatory damages in the amount of $100,000. Complaint, Prayer for Relief.  Defendants deny that Plaintiff is entitled to any damages whatsoever.

7.      Based on the foregoing, this Court has original jurisdiction of this case pursuant to 28 U.S.C. § 1332(a), as amended, because the amount in controversy exceeds the jurisdictional minimum of $75,000.00, and this action is between citizens of different states.  Thus, this case is properly removable pursuant to 28 U.S.C. § 1441, *et seq.*

8.      This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty days of receipt "by the defendant[s], through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  28 U.S.C. § 1446(b).

9.      Copies of all process, pleadings, and orders received by Defendant LNC and Defendant Lincoln National in this action prior to the filing of this Notice of Removal are attached hereto as Exhibit A and Exhibit B respectively, and are incorporated herein by this reference.

WHEREFORE, Defendants, The Lincoln National Life Insurance Company and Lincoln National Corporation, respectfully submit, based upon the allegations set forth in this Notice of Removal, that this action is properly removed and request that this Court retain jurisdiction over this action.

---

*(… footnote continued from previous page)*
Guarantee no longer exists, it is not a proper defendant in this case and its consent to removal is not needed for this lawsuit to be removed to United States District Court.

Dated:  February 20, 2015.

Respectfully submitted,

/s/ John M. Scannapieco
John M. Scannapieco (BPR No. 14473)
Martha L. Boyd (BPR No. 22029)
BAKER DONELSON BEARMAN CALDWELL &
BERKOWITZ, P.C.
211 Commerce Street, Suite 800
Nashville, Tennessee 37201
(615) 726-5648
jscannapieco@bakerdonelson.com
mboyd@bakerdonelson.com

*Attorneys for Defendants, The Lincoln National Life
Insurance Company and Lincoln National
Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served electronically by operation of the Court's electronic filing system or via U.S. first class mail, postage pre-paid, to Jay B. Jackson, Esq., Mitchell & Mitchell, 106 East College Street, P.O. Box 1336, Murfreesboro, TN 37130, on this 20th day of February, 2015.

/s/ John M. Scannapieco
John M. Scannapieco

| STATE OF TENNESSEE 16th JUDICIAL DISTRICT CIRCUIT COURT | **SUMMONS** | CASE FILE NUMBER 69096 |
|---|---|---|

| PLAINTIFF RICHARD VAUGHN | DEFENDANT LINCOLN NATIONAL LIFE INSURANCE COMPANY, et. Al. |
|---|---|

vs.

**TO: (NAME & ADDRESS OF DEFENDANT)**
**Lincoln National Corporation**
**C/O Dennis R. Glass, President**
**1300 South Clinton Street**
**P.O. Box 7869**
**Fort Wayne, IN 46801-7869**

**LINCOLN**
Referred to _____

**JAN 21 2015**

_____ Answered

**LEGAL DEPARTMENT**

List each defendant on a separate summons.

YOU ARE HEREBY SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CIRCUIT COURT, RUTHERFORD COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU ARE DIRECTED TO FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGE-MENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.

| Attorney for plaintiff: (Name, address & telephone number) JAY B. JACKSON MITCHELL & MITCHELL P. O. BOX 1336 MURFREESBORO, TN 37130 (615) 896-4211 | DATE ISSUED & ATTESTED January 9, 2015 Melissa Harrell Circuit Court Clerk BY: _____ Deputy Clerk |
|---|---|

**CERTIFICATION**

I, Melissa Harrell Clerk of the Circuit Court of Rutherford County, Tennessee, do certify this to be a true and correct copy of the origianl summons issued in this cause.

BY: _____ DEPUTY CLERK

| TO THE SHERIFF: Please execute this summons and make your return within thirty days of issuance as provided by law. | DATE RECEIVED Sheriff |
|---|---|

**RETURN ON PERSONAL SERVICE OF SUMMONS**

I hereby certify and return that I served this summons together with the complaint as follows:

**DATE OF PERSONAL SERVICE:**

Sheriff

BY:

Submit three copies: service copy, defendant's copy, file copy.

♿ **ADA COORDINATOR (615-494-4480)**

Exhibit A

## ACCEPTANCE OF SERVICE

I do hereby accept service of process and a copy of this complaint in this cause for all purposes. This the _____ day of _____, 20 _____.

_____

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20 ____, I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case # _____ to the defendant _____, on the _____ day of _____, 20 ____. I received the return receipt, which has been signed by _____ on the _____ day of _____, 20 ____. The return receipt is attached to this original summons to be filed by the Clerk of Court.

| | |
|---|---|
| Sworn to and subscribed before me on this _____ day of _____, 20 _____. Signature of ☐ Notary Public or ☐ Deputy Clerk | Signature of plaintiff, plaintiff's attorney or other person authorized by statue to serve process. |

My Commission Expires: _____, 20 _____.

### NOTICE OF PERSONAL PROPERTY EXEMPTION

**TO THE DEFENDANT(S):**

Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy judgement. If a judgement should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgement becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

Mail list to:   ~~LAURA BOHLING~~, Circuit Court Clerk
Room 201 Judicial Building
20 Public Square North
Murfreesboro, TN 37130

Please state file number on list.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

## IN THE CIRCUIT COURT FOR RUTHERFORD COUNTY, TENNESSEE
## AT MURFREESBORO

RICHARD VAUGHN,

    Plaintiff,

vs.

LINCOLN NATIONAL LIFE
INSURANCE COMPANY, LINCOLN
NATIONAL CORPORATION, and
GUARANTEE LIFE INSURANCE
COMPANY,

    Defendant.

CASE NO. 69096

JURY DEMAND

*LINCOLN*

*Referred to _____*

*JAN 21 2015*

*Answered*

*LEGAL DEPARTMENT*

*FILED*

*JAN 0 9 2015*

*3:12 O'CLOCK*

*MELISSA HARRELL*

*DEPUTY CLERK*

### COMPLAINT

Comes now the Plaintiff, Richard Vaughn, by and through his undersigned attorney, and sues the Defendant, Lincoln National Life Insurance Company, Lincoln National Corporation and Guarantee Life Insurance Company, as follows:

1.    The Plaintiff is a citizen and resident of the State of Tennessee and Rutherford County, Tennessee;

2.    The Defendants, Lincoln National Life Insurance Company, Lincoln National Corporation and Guarantee Life Insurance Company, are authorized by and does business in the State of Tennessee, including Rutherford County, Tennessee;

### FACTUAL ALLEGATIONS

3.    This Defendant provided to the City of Murfreesboro, Tennessee employees a policy of insurance for disability in the years 2011 and 2012;

4.    The Plaintiff made a claim under said policy for disability as he was injured while he was employed by the City of Murfreesboro, Tennessee;

5.    This claim was received and processed by the Defendant who denied his claim and letter dated January 11, 2012. A copy of said letter is attached;

6.     The Defendant breached its terms under said policy and that its denial of said claim is a breach of the terms of its disability insurance policy with the Plaintiff;

7.     The Plaintiff was injured on or about September 14, 2009, and filed a worker's compensation claim and later a claim for long term disability with the Defendant;

## CAUSE OF ACTIONS

### COUNT I
### BREACH OF CONTRACT

8.     The Plaintiff incorporates by reference the factual allegations contained in paragraphs 1 through 7.

9.     The Plaintiff entered into a contract with the Defendant regarding disability insurance through his employment or was the third party beneficiary of an agreement between the Defendants and the City of Murfreesboro, Tennessee. This Plaintiff is without a copy of said Policy or Agreement and is unable to attach a copy of it;

10.     The Plaintiff filed a claim pursuant to this policy and Plaintiff contends that he was entitled to benefits pursuant to the terms of said policy;

12.     As a result and proximate result of this breach of contract, the Plaintiff has suffered damages. These damages include, but are not limited to, the cost of all benefits that he is entitled to pursuant to the terms of said policy, pre-judgment interest, reasonable attorney fees and all back benefits that Plaintiff is entitled to pursuant to the terms of said policy. The Plaintiff also requests any and all further compensatory damages which proximately flowed from the actions of the Defendants.

WHEREFORE all premises considered, the Plaintiff requests the relief requested above and the following:

1.     That the Defendant be required to answer in the time required by law.

2.     That the Plaintiff be given a jury trial of twelve on all issues.

2

3.     That the Plaintiff be awarded a judgment for damages against the Defendant for their breach of contract.

4.     The total compensation damage and judgment sought by the Plaintiff are $100,000.00 for compensatory damages.

5.     That the Plaintiff are awarded a judgment and any other damages which may be allowed under the Tennessee law including all reasonable lawyer fees, litigation costs and expert fees incurred to prosecute this case.

6.     That the Plaintiff be awarded any additional relief the Court deems just and proper.

Respectfully submitted,

JAY B. JACKSON #016745
Attorney for Plaintiff
MITCHELL & MITHCELL
106 East College Street
Post Office Box 1336
Murfreesboro, Tennessee 37130
(615) 896-4211

**SURETY**

I am surety in this case for costs in this cause.

Jay B. Jackson

State of Tennessee, Rutherford County
The undersigned, Circuit Court Clerk of
the said County and State, hereby certifies
that the foregoing is a correct copy of
the instrument filed in the foregoing case
in the Circuit Court of Murfreesboro, Tennessee.
This ____ day of _____ 2015
MELISSA HARRELL
Deputy Clerk

3

STATE OF TENNESSEE
COUNTY OF RUTHERFORD

I, RICHARD VAUGHN, having been first duly sworn, make oath that the statements contained in my complaint are true and correct to the best of my knowledge, information and belief.

_Richard Lee Vaughn Jr._
RICHARD VAUGHN

SWORN TO and subscribed before me this 9th day of January, 2015.

_Meagan Underhill_
NOTARY PUBLIC

My Commission Expires: 06/19/2016



Case 3:15-cv-00154   Document 1   Filed 02/20/15   Page 10 of 28 PageID #: 10

 Lincoln
Financial Group®

Lincoln Financial Group is the marketing name for Lincoln National Corporation and its affiliates.

January 11, 2012

The Lincoln National Life
Insurance Company
Service Office:

8801 Indian Hills Drive
Omaha, NE 68114-4066
toll free (800) 423-2765
www.LFG.com

RICHARD VAUGHN
7313 POLK DRIVE
MURFREESBORO TN 37129

Re: Policy Number: 00001000310700000
    Claim Number: 1100064258

Dear Mr. Vaughn:

We have completed our review of your Long Term Disability claim and have determined that we must deny benefits beyond 01/06/12.

The Policy issued to City Of Murfreesboro, Tennessee contains, but is not limited to the following:

**"Total Disability" or "Totally Disabled"** will be defined as follows.
1. During the Elimination Period and Own Occupation Period, it means that due to an Injury or Sickness the Insured Employee is unable to perform each of the main duties of his or her regular occupation.
2. After the Own Occupation Period, it means that due to an Injury or Sickness the Insured Employee is unable to perform each of the main duties of any gainful occupation which his or her training, education or experience will reasonably allow.

The loss of a professional license, an occupational license or certification, or a driver's license for any reason does **not**, by itself, constitute Total Disability.

The Own Occupation Period for this claim ended on 01/06/12. After a thorough review of the information currently contained in your claim file, we have determined you are capable of performing work in other occupations. Outlined below is the information reviewed which led to our determination.

**Information review and action taken**

In our review of your claim, all previously submitted as well as any new documentation is used to make a determination.

We evaluated current information from your physician(s), as well as other sources, including vocational information. The documentation contained in your claim file includes the following:

- Attending Physician Statement completed by Concentra Medical Center dated 04/02/10
- Attending Physician Statement completed by Dr. John Kuhn dated 04/15/10
- Attending Physician Statement completed by Dr. Tom Johns (undated)
- Office and treatment notes from Dr. Jeffrey Hazelwood dated 02/24/10 to 03/09/11

Case 3:15-cv-00154   Document 1   Filed 02/20/15   Page 11 of 28 PageID #: 11

- Office and treatment notes from Tennessee Orthopaedic Alliance dated 11/03/09 to 08/24/10
- Office and treatment notes from Dr. Chad Price dated 03/03/11 to 07/12/11
- Records from Middle Tennessee Ambulatory Surgery dated 11/09/09 and 08/13/10

Furthermore, we reviewed your past training, education and work experience to evaluate your capacity to perform work-related activity.

Medical records in your file show your initial evaluation with Dr. Jeffrey Hazelwood was on 10/13/10. The records note your injury dates back to 09/14/09 when you were lifting a co-worker in simulation and developed soreness then worsening pain. An MRI showed a labral tear and you underwent a SLAP surgery to repair this on 11/09/09.

Physical therapy was initiated; however, you failed to improve. An EMG on 02/24/10 was unremarkable.

Further surgery was performed on 08/13/10 with additional physical therapy and Dr. Hazelwood released you to return to work with a 5 pound weight limit to which your employer was unable to accommodate.

You consulted Dr. Chad Price on 03/03/11. You advised Dr. Price, an MRI arthrogram ordered by Dr. Kioschos showed a recurrent left shoulder SLAP tear. On 04/29/11, you underwent a left shoulder scope, biceps tentotomy, subacrominal decompression and Mumford procedure. In follow up on 05/05/11, you have been doing well and your pain is a little bit better and your motion is better.

On 06/02/11, you were treated by Dr. Chad Price. Your motion has improved; however you continue to have pain. Voltaren and Diclofane provided no relief. You continue working with therapy and are please with your progress up to this point. Physical exam shows active elevation is to 90 before you develop pain, passive elevation is 120, external and internal rotation is 35. Dr. Price continues to recommend no overhead work and no lifting, pushing or pulling greater then 20 pounds.

The documentation provided suggests you are not limited from working in a sedentary work capacity. The definition of sedentary work capacity, as defined by the Department of Labor, is outlined as:

Sedentary: Sitting for 6 hours out of an 8-hour day and lifting no more than 10 pounds occasionally.

Using The Dictionary of Occupation Titles as a reference, we found that you would be capable of performing the following occupations:

Case 3:15-cv-00154   Document 1   Filed 02/20/15   Page 12 of 28 PageID #: 12

| DOT# | Occupation | Wage (mean) | Physical Demand |
|------|-----------|-------------|-----------------|
| 1. 249.362-026 | Order Clerk | $32,153 Annual | Sedentary |
| 2. 205.367-062 | Referral Clerk Temporary Help Agency | $33,350 Annual | Sedentary |
| 3. 205.362-014 | Employment Clerk | $37,987 Annual | Sedentary |

The preceding list is just a sample of various jobs that you show transferable skills to perform. The list is not all-inclusive and is only a sample of possibilities. The jobs listed are found to exist within your area and are appropriate from the standpoint of adequate salary levels relative to your prior earnings. NOTE: Current hiring or job availability is not a consideration when identifying occupational alternatives; only that the occupations identified exist within the local labor market.

## Summary

In summary, it is our determination that based upon your age, education, training, past work experience and your current abilities, that you are not prevented from performing work in other occupations, even if you can no longer perform your Own Occupation. Therefore, you no longer meet the definition of disability in this policy and benefits will be denied as of 01/06/12. Your payment for benefits through 01/06/12 has previously been sent under separate cover.

As a reminder, on 01/06/12 your Own Occupation Period of the policy ends. This means, to qualify for ongoing Total Disability benefits, you must have restrictions and limitations beyond 01/06/12 that render you unable to work in any gainful occupation (sedentary or otherwise) that your past training, education and experience will reasonably allow. If you believe that your condition prevents you from working in any occupation, please submit medical records, not previously submitted, that will help us evaluate your capacity to work as of 01/06/12. You may send the information to my attention at the address listed on the letterhead or you may fax the information directly to my attention at 402-501-9640. After reviewing the information, we will be in further contact with you regarding your claim for continued benefits after 01/06/12.

## Appeal Rights

You, your attorney or a person legally authorized as your representative may request a review of your denied claim. Such request must be made in writing and submitted to us at the address below within 180 days after you receive this denial notice.

Risk Services
The Lincoln National Life Insurance Company
PO Box 2337
Omaha, NE 68103

Richard Vaughn
January 11, 2012
page 4 of 4

Fax: 402-361-1460

Your request for an appeal needs to include the following:

- A letter of appeal outlining the reason(s) for your appeal. This letter needs to include your policy number and claim number.
- Medical records to support your appeal such as office and treatment notes, laboratory results, x-rays and testing results.

If you wish, you may also request copies of the pertinent documents. We will then provide you with a full written explanation of the decision within 45 days of receipt of your appeal.

You and your plan may have other voluntary alternative dispute resolution options, such as mediation, if your plan is subject to ERISA. One way to find out what may be available is to contact your local U.S. Department of Labor Office and your State insurance regulatory agency. In addition, once all required reviews of your claim have been completed, you have the right to bring a civil action under applicable law.

Please contact our office with any questions you may have at the number listed above or email us at Claims@LFG.com. You can also register for our website at www.Lincoln4Benefits.com to view your benefits and claim status online 24 hours a day.

Sincerely,

Cathy Chew
Associate Long Term Benefit Specialist
The Lincoln National Life Insurance Company



**Mitchell & Mitchell**
ATTORNEYS AT LAW

Post Office Box 1336
Murfreesboro, TN 37133-1336

CERTIFIED MAIL

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

7013 3020 0000 4338 7241

UNITED STATES POSTAGE $ 006.69⁰
PITNEY BOWES
02 1P
0001802037    JAN 12 2015
MAILED FROM ZIP CODE 37130

Lincoln National Corporation
c/o Dennis R. Glass, President
1300 South Clinton St.
P.O. Box 1801
Fort Wayne IN 46801-1801
46801≠78≠1801



# Notice of Service of Process

| | |
|---|---|
| Primary Contact: | Kelley A Grady<br>Lincoln Financial Group<br>150 N Radnor Chester Rd<br>Radnor, PA 19087 |
| Copy of transmittal only provided to: | Ms. Debbie Bauermeister<br>Ms. Shawn Gross |

| | |
|---|---|
| Entity: | The Lincoln National Life Insurance Company<br>Entity ID Number 0186956 |
| Entity Served: | Lincoln National Life Insurance Company |
| Title of Action: | Richard Vaughn vs. Lincoln National Life Insurance Company |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court/Agency: | Rutherford County Circuit Court, Tennessee |
| Case/Reference No: | 69096 |
| Jurisdiction Served: | Tennessee |
| Date Served on CSC: | 02/13/2015 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | TN Department of Commerce and Insurance on 2/09/2015 |
| How Served: | Certified Mail |
| Sender Information: | Jay B. Jackson<br>615-896-4211 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

Exhibit B

**STATE OF TENNESSEE**
**Department of Commerce and Insurance**
**500 James Robertson Parkway**
**Nashville, TN 37243-1131**
**PH - 615.532.5260, FX - 615.532.2788**
**Jerald.E.Gilbert@tn.gov**

February 09, 2015

Lincoln National Life Insurance Company
2908 Poston Avenue, % C S C
Nashville, TN  37203
NAIC # 65676

Certified Mail
Return Receipt Requested
7012 3460 0002 8947 7060
Cashier # 18675

Re:    Richard Vaughn   V.   Lincoln National Life Insurance Company

       Docket # 69096

To Whom It May Concern:

Pursuant to Tennessee Code Annotated § 56-2-504 or § 56-2-506, the Department of
Commerce and Insurance was served February 09, 2015, on your behalf in connection with
the above-styled proceeding.  Documentation relating to the subject is herein enclosed.

Jerald E. Gilbert
Designated Agent
Service of Process

Enclosures

cc: Circuit Court Clerk
    Rutherford County
    20 Public Square North, Rm 201
    Murfreesboro, Tn  37130

_ALIAS_

| PLAINTIFF<br>Richard Vaughn | DEFENDANT Lincoln National Life Insurance<br>vs.               Company, et al. |

**TO: (NAME & ADDRESS OF DEFENDANT)**

Lincoln National Life Insurance Company
C/o Tennessee Commissioner of Insurance
500 James Robertson Parkway
Nashville, TN 37243

**List each defendant on a separate summons.**

YOU ARE HEREBY SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CIRCUIT COURT, RUTHERFORD COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU ARE DIRECTED TO FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGEMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.

| Attorney for plaintiff:<br>(Name, address & telephone number)<br>Jay B. Jackson    (615)896.4211<br>Mitchell & Mitchell<br>106 E. College St.<br>Murfreesboro, TN 37130-16<br>Melissa Hawell | DATE ISSUED & ATTESTED<br>2/3/15<br>~~LAURA BOHLING~~, Circuit Court Clerk<br>Melissa Hawell<br>BY: _____ Deputy Clerk |

**CERTIFICATION**

I, ~~LAURA BOHLING~~, Clerk of the Circuit Court of Rutherford County, Tennessee, do certify this to be a true and correct copy of the origianl summons issued in this cause.

BY: _____ DEPUTY CLERK

| **TO THE SHERIFF:**<br>Please execute this summons and make your return within thirty days of issuance as provided by law. | **DATE RECEIVED**<br>**Sheriff** |

**RETURN ON PERSONAL SERVICE OF SUMMONS**

I hereby certify and return that I served this summons together with the complaint as follows:

| **DATE OF PERSONAL SERVICE:** | _____<br>**Sheriff**<br>BY: |

Submit three copies: service copy, defendant's copy, file copy.
**ADA COORDINATOR (615-494-4480)**

## ACCEPTANCE OF SERVICE

I do hereby accept service of process and a copy of this complaint in this cause for all purposes. This the _____ day of _____, 20 _____.

_____

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20 ____, I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case # _____ to the defendant _____, on the _____ day of _____, 20 ____. I received the return receipt, which has been signed by _____ on the _____ day of _____, 20 ____. The return receipt is attached to this original summons to be filed by the Clerk of Court.

| | |
|---|---|
| Sworn to and subscribed before me on this _____ day of _____, 20_____. Signature of ☐ Notary Public or ☐ Deputy Clerk _____ My Commission Expires: _____, 20_____. | Signature of plaintiff, plaintiff's attorney or other person authorized by statue to serve process. |

### NOTICE OF PERSONAL PROPERTY EXEMPTION

**TO THE DEFENDANT(S):**
    Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy judgement. If a judgement should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgement becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

Mail list to:    ~~LAURA BOHLING~~, Circuit Court Clerk
                Room 201 Judicial Building
                20 Public Square North
                Murfreesboro, TN 37130

Please state file number on list.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

## IN THE CIRCUIT COURT FOR RUTHERFORD COUNTY, TENNESSEE
## AT MURFREESBORO

| | |
|---|---|
| **RICHARD VAUGHN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) **CASE NO.** _69096_ |
| | ) **JURY DEMAND** |
| **LINCOLN NATIONAL LIFE** | ) |
| **INSURANCE COMPANY, LINCOLN** | ) **FILED** |
| **NATIONAL CORPORATION, and** | ) |
| **GUARANTEE LIFE INSURANCE** | ) **JAN 0 9 2015** |
| **COMPANY,** | ) 3:10 O'CLOCK |
| | ) MELISSA HARRELL |
| **Defendant.** | ) DEPUTY CLERK |

### COMPLAINT

Comes now the Plaintiff, Richard Vaughn, by and through his undersigned attorney, and sues the Defendant, Lincoln National Life Insurance Company, Lincoln National Corporation and Guarantee Life Insurance Company, as follows:

1.     The Plaintiff is a citizen and resident of the State of Tennessee and Rutherford County, Tennessee;

2.     The Defendants, Lincoln National Life Insurance Company, Lincoln National Corporation and Guarantee Life Insurance Company, are authorized by and does business in the State of Tennessee, including Rutherford County, Tennessee;

### FACTUAL ALLEGATIONS

3.     This Defendant provided to the City of Murfreesboro, Tennessee employees a policy of insurance for disability in the years 2011 and 2012;

4.     The Plaintiff made a claim under said policy for disability as he was injured while he was employed by the City of Murfreesboro, Tennessee;

5.     This claim was received and processed by the Defendant who denied his claim and letter dated January 11, 2012. A copy of said letter is attached;

6.. The Defendant breached its terms under said policy and that its denial of said claim is a breach of the terms of its disability insurance policy with the Plaintiff;

7. The Plaintiff was injured on or about September 14, 2009, and filed a worker's compensation claim and later a claim for long term disability with the Defendant;

## CAUSE OF ACTIONS

### COUNT I
### BREACH OF CONTRACT

8. The Plaintiff incorporates by reference the factual allegations contained in paragraphs 1 through 7.

9. The Plaintiff entered into a contract with the Defendant regarding disability insurance through his employment or was the third party beneficiary of an agreement between the Defendants and the City of Murfreesboro, Tennessee. This Plaintiff is without a copy of said Policy or Agreement and is unable to attach a copy of it;

10. The Plaintiff filed a claim pursuant to this policy and Plaintiff contends that he was entitled to benefits pursuant to the terms of said policy;

12. As a result and proximate result of this breach of contract, the Plaintiff has suffered damages. These damages include, but are not limited to, the cost of all benefits that he is entitled to pursuant to the terms of said policy, pre-judgment interest, reasonable attorney fees and all back benefits that Plaintiff is entitled to pursuant to the terms of said policy. The Plaintiff also requests any and all further compensatory damages which proximately flowed from the actions of the Defendants.

WHEREFORE all premises considered, the Plaintiff requests the relief requested above and the following:

1. That the Defendant be required to answer in the time required by law.

2. That the Plaintiff be given a jury trial of twelve on all issues.

2

3.. That the Plaintiff be awarded a judgment for damages against the Defendant for their breach of contract.

4. The total compensation damage and judgment sought by the Plaintiff are $100,000.00 for compensatory damages.

5. That the Plaintiff are awarded a judgment and any other damages which may be allowed under the Tennessee law including all reasonable lawyer fees, litigation costs and expert fees incurred to prosecute this case.

6. That the Plaintiff be awarded any additional relief the Court deems just and proper.

Respectfully submitted,

JAY B. JACKSON #016745
Attorney for Plaintiff
MITCHELL & MITHCELL
106 East College Street
Post Office Box 1336
Murfreesboro, Tennessee  37130
(615) 896-4211

**SURETY**

I am surety in this case for costs in this cause.

Jay B. Jackson

State of Tennessee, Rutherford County
The undersigned, Circuit Court Clerk of
the said County and State, hereby certifies
that the foregoing is a correct copy of
the instrument filed in the foregoing case
in the Circuit Court of Murfreesboro, Tennessee.
This ___ day of ___
MELISSA HARRELL,

_____
Deputy Clerk

3

STATE OF TENNESSEE
COUNTY OF RUTHERFORD

I, RICHARD VAUGHN, having been first duly sworn, make oath that the statements contained in my complaint are true and correct to the best of my knowledge, information and belief.

_Richard Lee Vaughn Jr._
RICHARD VAUGHN

SWORN TO and subscribed before me this 9th day of January, 2015.

_Meagan Underhill_
NOTARY PUBLIC

My Commission Expires: 06/19/2016



4

 **Lincoln**
Financial Group®

 Lincoln Financial Group is the marketing name for Lincoln National Corporation and its affiliates.

January 11, 2012

The Lincoln National Life<br>
Insurance Company<br>
Service Office:<br>
8801 Indian Hills Drive<br>
Omaha, NE 68114-4066<br>
toll free (800) 423-2765<br>
www.LFG.com

RICHARD VAUGHN
7313 POLK DRIVE
MURFREESBORO TN 37129

Re: Policy Number: 00001000310700000
Claim Number: 1100064258

Dear Mr. Vaughn:

We have completed our review of your Long Term Disability claim and have determined that we must deny benefits beyond 01/06/12.

The Policy issued to City Of Murfreesboro, Tennessee contains, but is not limited to the following:

**"Total Disability" or "Totally Disabled"** will be defined as follows.
1. During the Elimination Period and Own Occupation Period, it means that due to an Injury or Sickness the Insured Employee is unable to perform each of the main duties of his or her regular occupation.
2. After the Own Occupation Period, it means that due to an Injury or Sickness the Insured Employee is unable to perform each of the main duties of any gainful occupation which his or her training, education or experience will reasonably allow.

The loss of a professional license, an occupational license or certification, or a driver's license for any reason does **not**, by itself, constitute Total Disability.

The Own Occupation Period for this claim ended on 01/06/12. After a thorough review of the information currently contained in your claim file, we have determined you are capable of performing work in other occupations. Outlined below is the information reviewed which led to our determination.

<u>Information review and action taken</u>

In our review of your claim, all previously submitted as well as any new documentation is used to make a determination.

We evaluated current information from your physician(s), as well as other sources, including vocational information. The documentation contained in your claim file includes the following:

- Attending Physician Statement completed by Concentra Medical Center dated 04/02/10
- Attending Physician Statement completed by Dr. John Kuhn dated 04/15/10
- Attending Physician Statement completed by Dr. Tom Johns (undated)
- Office and treatment notes from Dr. Jeffrey Hazelwood dated 02/24/10 to 03/09/11

- Office and treatment notes from Tennessee Orthopaedic Alliance dated 11/03/09 to 08/24/10
- Office and treatment notes from Dr. Chad Price dated 03/03/11 to 07/12/11
- Records from Middle Tennessee Ambulatory Surgery dated 11/09/09 and 08/13/10

Furthermore, we reviewed your past training, education and work experience to evaluate your capacity to perform work-related activity.

Medical records in your file show your initial evaluation with Dr. Jeffrey Hazelwood was on 10/13/10. The records note your injury dates back to 09/14/09 when you were lifting a co-worker in simulation and developed soreness then worsening pain. An MRI showed a labral tear and you underwent a SLAP surgery to repair this on 11/09/09.

Physical therapy was initiated; however, you failed to improve. An EMG on 02/24/10 was unremarkable.

Further surgery was performed on 08/13/10 with additional physical therapy and Dr. Hazelwood released you to return to work with a 5 pound weight limit to which your employer was unable to accommodate.

You consulted Dr. Chad Price on 03/03/11. You advised Dr. Price, an MRI arthrogram ordered by Dr. Kioschos showed a recurrent left shoulder SLAP tear. On 04/29/11, you underwent a left shoulder scope, biceps tentotomy, subacrominal decompression and Mumford procedure. In follow up on 05/05/11, you have been doing well and your pain is a little bit better and your motion is better.

On 06/02/11, you were treated by Dr. Chad Price. Your motion has improved; however you continue to have pain. Voltaren and Diclofane provided no relief. You continue working with therapy and are please with your progress up to this point. Physical exam shows active elevation is to 90 before you develop pain, passive elevation is 120, external and internal rotation is 35. Dr. Price continues to recommend no overhead work and no lifting, pushing or pulling greater then 20 pounds.

The documentation provided suggests you are not limited from working in a sedentary work capacity. The definition of sedentary work capacity, as defined by the Department of Labor, is outlined as:

Sedentary: Sitting for 6 hours out of an 8-hour day and lifting no more than 10 pounds occasionally.

Using The Dictionary of Occupation Titles as a reference, we found that you would be capable of performing the following occupations:

| DOT# | Occupation | Wage (mean) | Physical Demand |
|------|------------|-------------|-----------------|
| 1. 249.362-026 | Order Clerk | $32,153 Annual | Sedentary |
| 2. 205.367-062 | Referral Clerk Temporary Help Agency | $33,350 Annual | Sedentary |
| 3. 205.362-014 | Employment Clerk | $37,987 Annual | Sedentary |

The preceding list is just a sample of various jobs that you show transferable skills to perform. The list is not all-inclusive and is only a sample of possibilities. The jobs listed are found to exist within your area and are appropriate from the standpoint of adequate salary levels relative to your prior earnings. NOTE: Current hiring or job availability is not a consideration when identifying occupational alternatives; only that the occupations identified exist within the local labor market.

## Summary

In summary, it is our determination that based upon your age, education, training, past work experience and your current abilities, that you are not prevented from performing work in other occupations, even if you can no longer perform your Own Occupation. Therefore, you no longer meet the definition of disability in this policy and benefits will be denied as of 01/06/12. Your payment for benefits through 01/06/12 has previously been sent under separate cover.

As a reminder, on 01/06/12 your Own Occupation Period of the policy ends. This means, to qualify for ongoing Total Disability benefits, you must have restrictions and limitations beyond 01/06/12 that render you unable to work in any gainful occupation (sedentary or otherwise) that your past training, education and experience will reasonably allow. If you believe that your condition prevents you from working in any occupation, please submit medical records, not previously submitted, that will help us evaluate your capacity to work as of 01/06/12. You may send the information to my attention at the address listed on the letterhead or you may fax the information directly to my attention at 402-501-9640. After reviewing the information, we will be in further contact with you regarding your claim for continued benefits after 01/06/12.

## Appeal Rights

You, your attorney or a person legally authorized as your representative may request a review of your denied claim. Such request must be made in writing and submitted to us at the address below within 180 days after you receive this denial notice.

Risk Services
The Lincoln National Life Insurance Company
PO Box 2337
Omaha, NE 68103

Richard Vaughn
January 11, 2012
page 4 of 4

Fax: 402-361-1460

Your request for an appeal needs to include the following:

- A letter of appeal outlining the reason(s) for your appeal. This letter needs to include your policy number and claim number.
- Medical records to support your appeal such as office and treatment notes, laboratory results, x-rays and testing results.

If you wish, you may also request copies of the pertinent documents. We will then provide you with a full written explanation of the decision within 45 days of receipt of your appeal.

You and your plan may have other voluntary alternative dispute resolution options, such as mediation, if your plan is subject to ERISA. One way to find out what may be available is to contact your local U.S. Department of Labor Office and your State insurance regulatory agency. In addition, once all required reviews of your claim have been completed, you have the right to bring a civil action under applicable law.

Please contact our office with any questions you may have at the number listed above or email us at Claims@LFG.com. You can also register for our website at www.Lincoln4Benefits.com to view your benefits and claim status online 24 hours a day.

Sincerely,

Cathy Chew
Associate Long Term Benefit Specialist
The Lincoln National Life Insurance Company



CERTIFIED MAIL

7012 3460 0002 8947 7060

State of Tennessee
Dept. of Commerce & Insurance
Service of Process
500 James Robertson Parkway
Nashville, TN 37243

FIRST CLASS

UNITED STATES POSTAGE
02 1M
0004292626
$ 06.90
PITNEY BOWES
FEB 11 2015
MAILED FROM ZIP CODE 37243

7012 3460 0002 8947 7060                    2/9/15
LINCOLN NATIONAL LIFE INSURANCE COMPAN
2908 POSTON AVENUE, % C S C
NASHVILLE, TN 37203